UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01396-JPH-MJD |
| | ) | |
| CHRIS LANE Bartholomew Co. Sheriff, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING COMPLAINT AND ALLOWING FILING OF
AMENDED COMPLAINT**

Plaintiff James Perkins is a prisoner currently incarcerated at Branchville
Correctional Facility. He filed this civil action and others against Bartholomew
County Sheriff Chris Lane while an inmate at the Bartholomew County Jail ("the
Jail"). On December 12, 2024, the Court issued an order in *Perkins v. Lane*, 1:24-
cv-00907-MPB-TAB, directing him in part to show cause why this case should
not be consolidated with that earlier-filed case. The order also was docketed in
this case. Dkt. 32. On January 7, 2025, Mr. Perkins filed a response in the -
00907 case, at dkt. 28, requesting that the cases not be consolidated because
the earlier case raised religious freedom issues, and this case raises medical care
issues.

Considering Mr. Perkins's response, this case will not be consolidated with
-00907. Because the plaintiff is a "prisoner," this Court must screen the
complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c). First, the
Court **GRANTS** his motion at dkt. [10] for leave to file an amended complaint in
this case, and it is that document the Court will screen.

1

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Perkins's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The sole named defendant in the amended complaint is Sheriff Lane.

On June 18, 2024, Mr. Perkins put in a medical care request because of very high blood pressure and associated headaches, dizziness, and trouble sleeping. He did not receive any meaningful response to this request, so he filed a second request three weeks later. Mr. Perkins then was seen by a Jail officer,

who took his blood pressure and got a reading of 180 over 130, and Mr. Perkins did not receive any further treatment or evaluation. Three days later, Mr. Perkins put in another medical care request. A different officer responded to it, who first put him in a drunk tank for about an hour and fifteen minutes, then gave him a blood pressure pill.

Some time later, this same officer threatened Mr. Perkins with placement in lockdown if he didn't stop filing frivolous grievances. Mr. Perkins denied that his grievances were frivolous, and he was taken back to his cell block.

Thirty-three days after Mr. Perkins's first medical care request, he was seen by a doctor, who was surprised that it had taken Mr. Perkins so long to be seen by medical personnel. After this visit, nurses began passing out medications to Jail inmates, but later guards began passing them out again, which Mr. Perkins did not like. Also, at some point, it seems Mr. Perkins had his kiosk access restricted, which limited his ability to file medical care requests and order commissary products.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted. Again, the only named defendant in this action is Sheriff Lane. First, "individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* For

3

a public official to be individually liable for a subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry County, Ill.*, 40 F.4th 824, 828 (7th Cir. 2022). Here, there are insufficient allegations in the complaint that Sheriff Lane was personally and directly involved in the alleged conduct at issue.

Second, to the extent Mr. Perkins wishes to sue Sheriff Lane in his official capacity as the representative of the Bartholomew County Sheriff's Department, a Sheriff's Department may only be sued when its actions violate the Constitution. *See Levy v. Marion Cty. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (applying *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) to claim against Sheriff Department). To state a *Monell* claim, the plaintiff must allege that an action taken by the Sheriff's Department caused the deprivation of his federally secured rights. The Sheriff's Department "'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Id.* (citing *Bd. of the Cty. Commissioners v. Brown*, 520 U.S. 397, 403–04 (1997)). There are insufficient allegations here of a policy, practice, or custom of the Sheriff's Department that caused an injury to Mr. Perkins.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow

defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow plaintiff to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through February 21, 2025, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Any amended complaint should have the proper case number, 1:24-cv-01396-JPH-MJD, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended

complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

### V. Other Pending Motions

The Court now addresses a number of other motions Mr. Perkins has filed in this case. First, the Court reiterates that his motion for leave to file an amended complaint, dkt. [10], is **GRANTED**.

Next, his motion for a jury trial, dkt. [2], is **GRANTED** to the extent his request has been noted on docket, should this case proceed to trial.

The motions at dkt. [7], [8], [9], [11], [12], [13], [16], and [24] are **DENIED**. All of these motions seek court assistance in obtaining information from Sheriff Lane and the Jail kiosk grievance system – apparently both in order to prove that Mr. Perkins exhausted administrative remedies before filing suit and to prove the substance of his claims, although his motions are not entirely clear. As the Court order at dkt. 19 informed Mr. Perkins, it is premature to request discovery before a complaint has been screened as required by law and a defendant served with process. The Court also reminds Mr. Perkins that he is not required to prove that he exhausted administrative remedies before filing suit – if this case proceeds beyond screening, it would be a defendant's burden to prove that Mr. Perkins

did *not* exhaust remedies. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

The motion for leave to proceed *in forma pauperis*, dkt. [25], is **DENIED** as moot. The Court already granted Mr. Perkins leave to proceed without prepaying the entire filing fee. Dkt. 22. Also, the motion for an extension of time to pay the initial partial filing fee, dkt. [28], likewise is **DENIED** as moot. The Court received this payment before the motion was filed. Dkt. 26.

Finally, Mr. Perkins's motion for assistance, dkt. [34], is **GRANTED** to the extent this Order provides him with an update on the status of screening his complaint and his other pending motions. This motion also requests that he receive a form motion for assistance with recruiting counsel. The **clerk is directed** to attach the Court's motion for assistance with recruiting counsel to Mr. Perkins's copy of this Order.

**SO ORDERED.**

Date: 1/24/2025

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES PERKINS
134460
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
21390 Old State Road 37
BRANCHVILLE, IN 47514